IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN JEWISH CONGRESS<br>15 East 84th Street<br>New York, New York, 10028<br><br>Plaintiff,<br><br>v.<br><br>CORPORATION FOR NATIONAL<br>AND COMMUNITY SERVICE<br>1201 New York Avenue, N.W.,<br>Washington, D.C., 20525<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff American Jewish Congress ("Plaintiff" or "AJC"), complains and alleges as follows:

## INTRODUCTION

1. This suit seeks to enjoin the Corporation for National and Community Service, created and funded by the federal government, from continuing to expend federal funds to sponsor the teaching of religion in private sectarian schools by AmeriCorps participants and from continuing to fund the religious training and activities of those participants by AmeriCorps grantees. These practices – sponsored, encouraged, and condoned by the federally-funded Corporation for National and Community Service – violate the Establishment Clause of the First Amendment to the United States Constitution as well as the governing statute, the National and Community Service Act of 1990, 42 U.S.C. §§ 12501 *et seq.*, and the regulations promulgated thereunder.

2.    Defendant Corporation for National and Community Service (hereinafter "Defendant" or the "Corporation") provides financial assistance to AmeriCorps participants, generally recent college graduates who earn funds to repay student loans or to finance post-graduate education by teaching in public or private schools. AmeriCorps participants are encouraged to identify themselves to their students as AmeriCorps volunteers by, among other things, wearing T-shirts and caps with the AmeriCorps logo that are provided to them. Defendant Corporation concedes that many of the AmeriCorps participants are teaching, among other subjects, religion in private sectarian schools.

3.    Defendant Corporation also makes grants for so-called "administrative" costs to private sectarian institutions or programs, such as the Alliance for Catholic Education ("ACE"), so that it can inculcate the AmeriCorps participants with "Christian values" which include "daily Mass… and prayer services." ACE AmeriCorps participants are expected "to live and work in a Christian community" and to "pray together regularly."

4.    By this suit, Plaintiff seeks a judicial declaration that it is contrary to law (1) for the Corporation to authorize or permit grantees to place AmeriCorps participants as religion teachers in private sectarian schools; (2) for the Corporation to provide or administer federal financial assistance for AmeriCorps participants who teach religion in private sectarian schools; and (3) for the Corporation to fund AmeriCorps grantees' religious activity, such as the religious training of AmeriCorps participants, whether under the guise of defraying grantees' administrative costs or otherwise. Plaintiff further seeks an injunction against provision of further financial assistance by the Corporation,

2

directly or indirectly, to any AmeriCorps grantees or participants to the extent inconsistent with such a declaration.

## JURISDICTION AND VENUE

5.  The claims asserted herein arise under the First Amendment to the Constitution of the United States. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

6.  In addition and in the alternative, because this action is in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1361.

7.  The Court may issue a declaratory judgment and further relief in this matter pursuant to 28 U.S.C. §§ 2201-2202.

8.  Venue in this district is appropriate pursuant to 28 U.S.C. §§ 1391(b), (c), and (e).

## THE PARTIES

9.  Plaintiff AJC is a non-profit organization with headquarters at 15 East 84th Street, New York, New York, 10028. Among the goals of the AJC is to protect fundamental constitutional freedoms and American democratic institutions, particularly the civil and religious rights and liberties of all Americans and the separation of church and state.

10. Members of the AJC pay taxes to the United States government.

11. Members of the AJC have standing as taxpayers to challenge the constitutionality of the Corporation's grants.

12. The instant claims are germane to the AJC's goals as described above.

13. Adjudication of the instant claims will not require participation by the AJC's individual participants.

14. Defendant is a federally-chartered corporation with headquarters at 1201 New York Avenue, N.W., Washington, D.C, 20525. At all times relevant hereto, the Corporation was headquartered and conducted substantial operations in the District of Columbia.

15. The purpose of the Corporation is to "administer the programs established under the national service laws." 42 U.S.C. § 12651. The "national service laws," codified at 42 U.S.C. § 12501 *et seq.*, establish a number of programs designed, among other things, to "expand educational opportunity by rewarding individuals who participate in national service with an increased ability to pursue higher education or job training . . . ." 42 U.S.C. § 12501(b)(3).

16. Among the AmeriCorps grantees at issue in this action are the Alliance for Catholic Education ("ACE"), the Nebraska Volunteer Service Commission ("Nebraska Commission"), and the Catholic Network of Volunteer Service ("CNVS"). The three grantees specifically mentioned in this Complaint – ACE, CNVS, and the Nebraska Commission – are funded pursuant to the national service laws; the funding of these programs is accordingly furnished and/or administered by the Corporation.

## FACTUAL ALLEGATIONS

### AMERICORPS

17. AmeriCorps is a network of national service programs created in 1993.

18. AmeriCorps participants serve communities through grantees that include both public agencies and private non-profit organizations. Grantees thus include state commissions, such as the Nebraska Commission. Grantees also include private non-profit organizations that are "faith-based," such as ACE and CNVS.

19. The Corporation is responsible for determining whether a particular grantee is eligible to receive federal financial assistance or whether a grantee is eligible to place AmeriCorps participants in approved national service positions. 42 U.S.C. § 12572(b)(1); 45 C.F.R. § 2522.100. The Corporation administers an application process to determine whether such grantees are eligible to receive federal financial assistance or to place individuals in approved national service positions. 42 U.S.C. § 12582; 45 C.F.R. § 2522.400-410.

20. AmeriCorps grantees that are approved by the Corporation to conduct AmeriCorps programs are responsible for recruiting, selecting, and supervising AmeriCorps participants. 42 U.S.C. § 12592. AmeriCorps participants serve full or part time over a 10- to 12-month period. AmeriCorps participants who successfully complete full-time national service – meaning 1700 hours or more per year – are entitled to a "national service educational award" from the National Service Trust. 42 U.S.C. §§ 12601, 12603. The educational award for a full-time term of service is $ 4,725. 45 C.F.R. § 2527.10. Educational awards may be used to repay student loans, to pay all or part of the cost of attendance at an institution of higher education, or to pay expenses

incurred in participating in an approved school-to-work program. 42 U.S.C. § 12604; 45 C.F.R. § 2528.10.

21.  Individuals who wish to receive educational awards must apply to the Corporation, either directly or indirectly through a qualifying institution of higher education, for such awards. 42 U.S.C. § 12604; 45 C.F.R. §§ 2528.20, 2528.30. The Corporation is responsible for disbursing national service educational awards from the National Service Trust. *Id.*

22.  The Corporation is also authorized to provide direct grants to support the administration of AmeriCorps programs, including the training of AmeriCorps participants. 42 U.S.C. §§ 12653, 12571.

23.  Upon information and belief, there is intense competition for grants from the Corporation, and the application process for prospective AmeriCorps programs is a selective one. The Corporation has discretion to accept or reject potential grantees. 45 C.F.R. § 2522.400.

24.  Pursuant to 42 U.S.C. § 12634, "[n]o assistance made available under a grant under this subchapter shall be used to provide religious instruction, conduct worship services, or engage in any form of proselytization."

25.  Prior to its amendment effective August 8, 2002, 45 C.F.R. § 2520.30 provided that AmeriCorps participants may not, "in the course of their duties, at the request of program staff, or in a manner that would associate the activities with the AmeriCorps program or the Corporation," "[e]ngag[e] in religious instruction, conduct[] worship services, provid[e] instruction as part of a program that includes mandatory religious instruction or worship, . . . or engag[e] in any form of religious proselytization."

6

26. Prior to its amendment effective August 8, 2002, 45 C.F.R. § 2520.30 provided that AmeriCorps participants may not, "in the course of their duties, at the request of program staff, or in a manner that would associate the activities with the AmeriCorps program or the Corporation," provide a direct benefit to an organization engaged in such religious activities, unless grant funds are not used to support the religious activities. 45 C.F.R. § 2520.30.

27. As amended effective August 8, 2002, 45 C.F.R. § 2520.30 provides that AmeriCorps participants may not engage in such religious activities, or provide a direct benefit to an organization engaged in such religious activities, "[w]hile charging time to the AmeriCorps program" or "accumulating service or training hours." As amended, 45 C.F.R. § 2520.30 also provides that AmeriCorps participants may not engage in such religious activities, or provide a direct benefit to an organization engaged in such religious activities, while "performing activities supported by the AmeriCorps program or the Corporation . . . ."

28. The Corporation's position that an AmeriCorps participant may teach religion in a private sectarian school so long as the individual does not "charge" hours spent in such instruction is wholly unjustified and contrary to law. Regardless of how such hours spent engaging in religious instruction are counted for the Corporation's accounting purposes, an AmeriCorps participant who is publicly identified with the AmeriCorps program, who is placed as a teacher in a private sectarian school by a private religious organization, and who receives federal financial assistance for working in that teaching position, is still engaged in religious indoctrination in violation of the First Amendment.

## ACE

29. ACE administers a service program ("ACE Program") allowing college graduates to serve as full-time teachers in Catholic schools across the southern United States.

30. The ACE Program is affiliated with three sectarian organizations, namely the University of Notre Dame, the National Catholic Educational Association ("NCEA"), and the United States Catholic Conference ("USCC").

31. The University of Notre Dame is a private sectarian university located in South Bend, Indiana.

32. NCEA is a professional membership organization whose mission is to "advance the educational and catechetical mission of the [Catholic] Church and to provide leadership and service to its participants in preschools, elementary and secondary schools, parish catechetical/religious education programs, diocesan offices, colleges, universities and seminaries."

33. USCC is an organization whose activities are directed by the Catholic Bishops of the United States.

34. The University of Notre Dame, the legal applicant with respect to the ACE Program, receives from the Corporation a considerable annual grant.

35. The grant funds that the ACE Program receives from the Corporation are used, *inter alia*, "to train teachers" who participate in the ACE Program.

36. Prior to the ACE Program participants' placement in school districts, they participate in a teacher-training summer program. Among other things, the summer

program "offer[s] [participants] a variety of opportunities for spiritual growth including daily Mass . . . and prayer services."

37. During the academic year, ACE Program participants are expected to be "willing to live and work in a Christian community." ACE Program participants are, for example, encouraged to "pray together regularly."

38. One of the "three pillars" of the ACE Program is "Spirituality." ACE Program participants are encouraged to develop their own personal spirituality and faith in the context of community. It is the expectation of the program that participants of each community of ACE Program participants together develop their own spiritual and prayer lives.

39. An "important goal" of the ACE Program is to provide ACE participants with the tools to become "people of faith."

40. ACE teachers "gather several times throughout the academic year" for retreats that are designed, in part, to "deepen their faith lives."

41. Subsequent to completion of the training program, ACE Program participants are placed in private sectarian schools throughout the southern United States.

42. ACE Program AmeriCorps participants identify themselves as AmeriCorps participants at school functions and in the general public. For example, under the Corporation's guidelines, AmeriCorps programs such as the ACE Program "must use the AmeriCorps name and logo on service gear and public materials such as stationery, application forms, recruitment brochures, orientation materials, member curriculum, signs, banners, press releases and publications created by AmeriCorps participants in accordance with the Corporation's requirements."

9

43. According to the ACE Program, religion is among the disciplines that AmeriCorps participants may be asked to teach.

44. In the 1999-2000 term, numerous ACE Program participants were in fact teaching religion or theology in private sectarian schools.

45. According to the University of Notre Dame, AmeriCorps participants in the ACE Program were teaching religion in private, sectarian schools as of May 2001.

46. Upon information and belief, AmeriCorps participants in the ACE Program continue to teach religion in private sectarian schools.

47. The Corporation has essentially conceded that AmeriCorps participants in the ACE Program teach religion in private sectarian schools. The Corporation has asserted that AmeriCorps participants may teach religion in private sectarian schools, and may be eligible for educational awards, so long as the hours spent teaching religion are not counted towards the participants' minimum service requirement for such awards.

48. Until Plaintiff AJC brought to the attention of the Corporation the grievances which form the basis of the instant lawsuit, the Corporation made no systematic effort to inform grantees or AmeriCorps participants of its purported policy for participants not to count hours spent engaging in religious instruction towards their minimum yearly service commitment. The Corporation's current effort to enforce this supposed policy, primarily by requiring grantees and AmeriCorps participants to "self-police" their activities by signing certifications, is wholly insufficient.

49. Even if the Corporation's supposed policy of not "charging" hours spent teaching religion were enforced, the students would not be able to distinguish between which hours their teachers were "charging" towards their minimum service commitment.

AmeriCorps participants publicly identified with the AmeriCorps program would still be teaching religion to students in private sectarian schools in violation of the First Amendment.

### CATHOLIC NETWORK OF VOLUNTEER SERVICE

50. The Catholic Network of Volunteer Service ("CNVS") is a private non-profit organization established in 1963.

51. CNVS, "challenged by the message of the Gospel, promotes and assists member programs serving in the United States and throughout the world." CNVS "advocate[s] an increased role for all women and men to utilize their gifts in service to the Church and the world."

52. CNVS receives considerable funding from the Corporation to administer an AmeriCorps program ("CNVS Program"). For 2002-2003, CNVS was awarded a grant from the Corporation of $ 800,000.

53. Funding received from the Corporation by CNVS purportedly to administer its AmeriCorps program is used for religious activities. For example, in 2002-2003, CNVS budgeted $ 15,481.34 of its grant award for the annual CNVS National Conference. One of the purposes of the National Conference is to "foster[] the role of laity in mission." Prayer services are conducted regularly at the National Conference. Workshops at the National Conference include religious topics such as "Utilizing Theological Reflection in Ministry" and "encounters with Jesus and missionary spirituality."

54. According to the Corporation, AmeriCorps participants in the CNVS Programs teach in private sectarian schools. In 1998-1999, approximately 95 CNVS

Program participants taught in religious schools, which accounted for ten percent of all CNVS AmeriCorps participants. In 1999-2000, approximately 108 CNVS Program participants (twelve percent of all participants) taught in religious schools. In 2000-2001, approximately 232 CNVS Program participants (fifteen percent of all participants) were assigned to teach in private sectarian schools.

55. AmeriCorps participants placed in private sectarian schools by CNVS publicly identify their affiliation with the AmeriCorps program. For example, according to CNVS, "an AmeriCorps sign is required to be posted at each program and site, [and] AmeriCorps T-shirts and caps are given to each member . . . ." In 2002-2003, the Corporation approved a budget of $25,000 for CNVS to provide AmeriCorps supplies such as sweatshirts, T-shirts, hats, pins, buttons, and signs.

56. Upon information and belief, AmeriCorps participants in the CNVS Program engage in religious instruction in private sectarian schools.

## NEBRASKA COMMISSION

57. The Nebraska Commission is responsible for the oversight and support of AmeriCorps programs in Nebraska, including the Nebraska Teacher Corps AmeriCorps Program ("Nebraska Program").

58. The Nebraska Commission is the legal applicant for the Nebraska Program.

59. The Corporation provides funding to the Nebraska Commission for administration of the Nebraska Program. For instance, in 2000-2001, the Corporation provided a $250,000 grant to the Nebraska Commission.

60. Some participants of the Nebraska Program teach in private sectarian schools.

61. Upon information and belief, participants of the Nebraska Program placed in private sectarian schools have taught and continue to teach religion.

## COUNT I – VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES

62. Plaintiff repeats and incorporates herein by reference the allegations of all foregoing paragraphs.

63. The provision of educational awards by the Corporation to AmeriCorps participants who engage in religious instruction in sectarian schools, such as those in the ACE Program, CNVS Program, or Nebraska Program, has the principal or primary effect of advancing religion, in violation of the First Amendment.

64. The provision of educational awards by the Corporation to AmeriCorps participants who engage in religious instruction in sectarian schools, such as those in the ACE Program, CNVS Program, or Nebraska Program, has the purpose or effect of endorsing religion, in violation of the First Amendment.

65. The Corporation's approval or qualification of the ACE Program, CNVS Program, Nebraska Program, or any other program whose participants teach religion in private sectarian schools, as eligible to place individuals in national service positions has the principal or primary effect of advancing religion, in violation of the First Amendment.

66. The Corporation's approval or qualification of the ACE Program, CNVS Program, Nebraska Program, or any other program whose participants teach religion in

private sectarian schools, as eligible to place individuals in national service positions has the purpose or effect of endorsing religion, in violation of the First Amendment.

67. The Corporation's direct funding of the ACE Program, CNVS Program, Nebraska Program, or any other program that uses such funding to conduct religious training, worship, or other religious activities, has the principal or primary effect of advancing religion, in violation of the First Amendment.

68. The Corporation's direct funding of the ACE Program, CNVS Program, and Nebraska Program, and any other grantee who uses such funding to conduct religious training, worship, or other religious activities, has the purpose or effect of endorsing religion, in violation of the First Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AJC prays:

A. For a judicial declaration that it is contrary to law (1) for the Corporation to approve or qualify the ACE Program, CNVS Program, and Nebraska Program, and any other similar AmeriCorps program, to place AmeriCorps participants as religion teachers in private sectarian schools; (2) for the Corporation to provide or administer federal financial assistance, including educational awards, for AmeriCorps participants who teach religion in private sectarian schools; and (3) for the Corporation to fund, directly or indirectly, the religious activities of the ACE Program, CNVS Program, and Nebraska Program, and any other similar AmeriCorps program.

B. For permanent injunctive relief requiring the Corporation to conform its conduct to such judicial declaration;

C. For such costs and reasonable attorneys' fees to which it may be entitled by law;

D. For such other, further, or different relief as this Court may deem just and appropriate.

Respectfully submitted,

_____
Irvin B. Nathan (DC Bar # 090449)
Daniel S. Pariser (DC Bar # 464744)
ARNOLD & PORTER
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000 (Telephone)
(202) 942-5999 (Facsimile)

Of counsel:

Marc D. Stern
American Jewish Congress
Stephen Wise Congress House
15 East 84th Street
New York, New York  10028
(212) 879-4500

Dated October 3, 2002